AUSTIN *v.* GOODBAR SHOE COMPANY.

Opinion delivered April 27, 1895.

*Attachment—Effect of failure to file bond.*

The failure of an attaching creditor to file an attachment bond is an irregularity which may be waived by the defendant, and cannot be availed of by a junior attaching creditor to defeat the lien of the prior attachment.

Appeal from Pope Circuit Court.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

On the 7th October, 1892, appellee filed its complaint against Kinedy & Evans, merchants doing business in the town of Atkins, in the Pope county circuit court, and at the same time filed its affidavit for an order of attachment as for debt not yet due and its cost bond, and the order was issued and delivered to the sheriff at 7 p. m. of that day. On the same day the appel-

lant filed its complaint, affidavit, attachment and bond, and caused to be issued an order of attachment against the property of Kinedy & Evans, and the same was placed in the hands of the sheriff at 11 p. m. of that day. Both orders of attachment were levied immediately after they were respectively delivered to the sheriff, and in the order of their delivery, and upon the same property—a stock of goods, wares and merchandise.

On the 4th day of April, 1893, all defenses having been withdrawn, judgment for its debt and on the attachment was rendered in favor of the appellee, and on the same day like proceedings were had in favor of the appellant.

In the case of *Goodbar Shoe Co.* v. *Kinedy & Evans*, after the rendition of the judgment as aforesaid, the court made a distribution of the funds in court derived from the sale of the property in question, directing payment first to be made to the appellee as the senior attaching creditor.

On the 5th day of April, 1893, in term time, appellant filed its intervention, calling in question the correctness of the order of distribution in treating appellee as senior attaching creditor as aforesaid, and alleged and showed that the appellee had failed to give an attachment bond before the issuance of the writ or order in its case, and that, therefore, its judgment in attachment was null and void ; that the error was a fatal one, the filing of the bond being a jurisdictional act. The error was confessed by the appellee, but issue was taken on its materiality, appellee claiming that it was a mere irregularity, and not jurisdictional, and that, therefore, it was not an issue to be raised by appellant in this proceeding.

The intervention and response were heard by the court on the 20th April, 1893, and judgment was for the appellee (respondent), and appellant took its appeal to this court.

*Jeff Davis* for appelant.

A bond must be filed before an attacment can issue. Sand. & H. Dig. sec. 328. It is a prerequisite. Drake on Att. secs. 114, 115, 116. There must be an affidavit and bond, and, unless both these requisites are complied with, the writ is void, and, if void, can be taken advantage of by any person interested in the property attached. Drake on Att. sec. 116; 57 Ark. 541, 546; 53 *id.* 140.

*J. E. Joyner* for appellee.

A failure to file a bond is only an irregularity, of which no one except the defendant himself can take advantage. Intervenors cannot complain. 47 Ark. 45; 6 *id.* 472; 25 *id.* 56; 37 *id.* 215; Freeman on Judg. sec. 91; 22 Fed. 65; 10 Wall. 308.

BUNN, C. J. (after stating the facts.) The only question in this case is as to the effect the failure to give the attachment bond had upon the judgment in attachment in favor of appellee.

In *Ford* v. *Hurd*, 4 Smedes & Marshall, 683, the Supreme Court of Mississippi held, on the motion of a garnishee, that, when no bond has been filed, a judgment in attachment was absolutely void. So in the case of *Houston* v. *Belcher*, 12 Smedes & Marshall, 514, the same court held, on the motion of a non-resident, that the judgment was void where no bond had been filed. It is to be remarked, however, that in Mississippi they have a statute which expressly declares a judgment void where no attachment bond has been given.

In Kentucky, they have a statute similar to the one in Mississippi, and formerly the strict rule was applied as in Mississippi. *Martin* v. *Thompson*, 3 Bibb, 252; *Samuel* v. *Brite*, 3 A. K. Marshall, 317. But afterwards the rule was relaxed, and the Supreme Court of Kentucky, in *Banta* v. *Reynolds*, 3 B. Monroe, 80, held that the ex-

pression in the statute making judgments in such cases void was incautiously inserted therein, and that it could only mean that such judgments were voidable.

In *Wagener* v. *Booker*, 31 S. C. 375, the Supreme Court of South Carolina, where the statute is not exactly similar to ours, but rather more strict, held that the failure to file a bond, properly signed by the plaintiff, was jurisdictional error, and, on motion of *defendant*, the judgment was set aside. And yet in the case of *Camberford* v. *Hall*, 3 McCord, 345, the same court said: "It has been repeatedly decided by this court that the garnishee cannot take advantage of any errors or irregularities in the proceedings against the absent debtor. The protection which the law has furnished to the property of the absent debtor is intended for his benefit, and not that of a third person. The bond which the law requires is to shield him from unjust suits; if he, therefore, does not think fit to complain that the bond has not been taken in conformity with the requisitions of the act, why should any other be permitted to do so? But it is said the act declares the attachment void, if the bond be not taken in double the sum to be attached; and that, the bond not being so taken, the court is bound, on motion of any one, to set aside the judgment, and dismiss the attachment as a mere nullity. The court is not bound to set aside a judgment on any ground of error or irregularity, as already stated, except at the instance of the defendant. A judgment is not void because it is erroneous. If it be rendered by a court of competent jurisdiction, it must remain until arrested or reversed." (Citing cases.) "The word 'void,' when used in a legislative act, on such a subject as the one embraced in this act, is to be understood synonymously with 'voidable'; that is, it will be declared void on pleading." This latter reasoning is in

accord with that of the Supreme Court of Kentucky in
*Banta* v. *Reynolds, supra.*

In *Van Loon* v. *Lyons*, 61 N. Y. 22, where there was
no attachment bond, an attachment and the judgment
founded thereon, were held void because there could be
no presumption of jurisdiction in the District Court of
New York City in which the judgment was rendered—
it being an inferior court.

In *O'Farrell* v. *Stockman*, 19 Ohio St. 296, the Su-
preme Court of Ohio said : "The simple question, there-
fore, was, whether the attachment was absolutely void
for want of an undertaking. The common pleas and dis-
trict courts held that it was not. In this we see no
error. The undertaking is not essential to jurisdiction
in attachment. It is designed exclusively for the benefit
of the defendant. He may waive it, and the omission to
file it is a mere irregularity, of which he alone can take
advantage. The effect of the omission is to render the
proceedings voidable, but not absolutely void."

The Ohio statute on the subject is nearly identical
with ours. The only case we have been able to find in
which a judgment in attachment was set aside for want
of an attachment bond at the instance or on the motion of
another than the defendant in the attachment proceed-
ings is the case of *Ford* v. *Hurd*, 4 Smedes & Marshall,
685, cited above, where the proceedings and judgment
were declared void and set aside at the instance of a gar-
nishee, and there appear in that case two special reasons
for that : one because the statute in that State expressly
so declares all such proceedings and judgments, as has
been stated ; and the other, because, as stated by the
court in that case, "the attachment, being void for this
reason, could not justify a judgment against the gar-
nishee, and it was the duty of the garnishee to see that
the law is pursued. This is a duty which he owes to
his creditor, but especially to himself, as it would be no

bar to a subsequent recovery, if he should permit judgment to go against him on an attachment which was absolutely void."

In *Sannoner* v. *Jacobson*, 47 Ark. 31, this court held that "a junior attaching creditor may intervene in a prior attachment suit, and there contest his rights with the plaintiff in that suit; but he can not be let in to defend the suit and dispute the grounds of the attachment in lieu of the defendant, nor to defeat the attachment for mere errors or irregularities in the proceedings; but only for imperfections which are unamendable, and render the proceedings void." We quote from the syllabus.

Whether the failure to file an attachment bond in this case is a mere irregularity or a jurisdictional error rendering appellee's judgment in attachment void, it is not necessary to determine in this particular case just in the shape in which it is presented.

The attachment bond is expressly made for the benefit of the defendant (see sec. 328, Sand. & H. Dig.), and it appears from the record that the defendants appeared in the suit of appellee against them. Now, from what has been said, we are of the opinion that the want of a bond was such an error—jurisdictional error, if that is a better expression of it—as that, upon motion of the defendant during the pendency of the proceeding and before judgment, the attachment would necessarily be dissolved; yet that such is a right personal to himself, not to be asserted by one who is in no sense a beneficiary in the bond, if one had been made. In other words, the defendant could and did waive the filing of the bond, in the same manner as he might waive the want of summons or notice to appear; that is to say, jurisdiction of his person in any case.

The judgment is therefore affirmed.