## JOHNSON *v.* FOSTER.

### Opinion delivered November 2, 1901.

JURISDICTION—NONRESIDENT DEFENDANT—GARNISHMENT.—By publication of a warning order against a nonresident defendant and service of a writ of garnishment upon a resident who was indebted to defendant, the court acquired jurisdiction to ascertain the amount due from defendant to plaintiff, and to adjudge that the money due from the garnishee to defendant should be applied toward the satisfaction of plaintiff's claim.

Appeal from Boone Circuit Court.

E. G. MITCHELL, Judge,

#### STATEMENT BY THE COURT.

Appellants filed in the Boone circuit court their complaint against appellee James A. Foster, defendant below, to recover $260

for breach of contract, and at the same time filed affidavit, bond, and interrogatories for garnishment against appellee C. L. Scott, and caused a writ of garnishment to be issued and personally served upon him. The defendant, Foster, was duly summoned by warning order, and an attorney was appointed to represent him.

At the January term, 1900, the trial court of its own motion, and over the objection of appellants, dismissed appellants' complaint and cause of action, both as to the defendant below, appellee Foster, and as to the garnishee, appellee Scott, for want of jurisdiction.

*G. J. Crump* and *J. W. Story,* for appellants.

The record shows the presence of every required jurisdictional fact. 66 Ark. 582; 4 Ark. 198; 48 S. W. 1060; 19 Ark. 334; 13 S. W. 978; 45 S. W. 770; 175 U. S. 396; Waples, Att. & Garn. 594, 595. Garnishment is in the nature of a proceeding *in rem.* 4 Ark. 198; 19 Ark. 334; 66 Ark. 582; Drake, Att. § 452.

WOOD, J., (after stating the facts). The court erred. Appellants had met every requirement of jurisdiction under the act of April 19, 1895. Service of the writ creates a lien in favor of the plaintiff upon the money due from the garnishee to the defendant. *Little Rock Traction & Electric Co.* v. *Wilson,* 66 Ark. 586. The proceeding is analogous to that of the attachment of property of a nonresident defendant. Here the *res,* so to speak, is the money due from the garnishee to the defendant. Service of the writ seizes that in the hands of the garnishee, and holds it subject to the payment of the claim of the plaintiff against the defendant, to the extent only that it may go, and, after constructive service upon the defendant and personal service of the writ, the court may proceed to ascertain the amount due from the defendant to the plaintiff and to adjudge that the money due from the garnishee to the defendant shall go *pro tanto,* if necessary, in satisfaction of the plaintiff's claim. *Chicago, R. I. & P. R. Co.* v. *Sturm,* 174 U. S. 710, and cases cited; *King* v. *Cross,* 175 U. S. 396; *Berry* v. *Davis,* 13 S. W. 978; *Spalding* v. *Wayne,* 45 S. W. 770. See also *Kansas City, P. & G. R. Co.* v. *Parker, ante,* p. 401.

Of course, personal judgment can not be rendered against the defendant, and the bond fully protects him.

Reversed, with directions to reinstate the cause.