HANCOCK v. GIBSON.

Opinion delivered March 26, 1904.

1.   GARNISHMENT—VENUE.—A garnishee is not a defendant, within Sand. & H. Dig., § 5630, providing that an action "may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned."   (Page 324.)

2. SAME.—Sand. & H. Dig., § 332, providing that an action of attachment may be prosecuted in any county in which property may be attached, or a garnishee who is indebted or has property belonging to the defendant is served with process, applies only to attachments and garnishments sued out upon the grounds enumerated in Sand. & H. Dig., § 325, and has no application to a garnishment sued out under Sand. & H. Dig., § 3508, as amended by Acts 1895, p. 196. (Page 325.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

*Hill & Brizzolara,* for appellant.

The court acquired jurisdiction of the garnishee by service had in a county other than that of his residence. Sand. & H. Dig. § 5696. A garnishee is a defendant, within the meaning of the aforesaid section. 66 Ark. 582; 70 Ark. 127. The garnishment is in the nature of an attachment against the property of the defendant, and, treated as an attachment, Sand. & H. Dig. § 332, authorizing service in any county where the person holding the property is found, applies. 69 Ark. 617; 66 Ark. 582; 12 So. 711; Rood, Garn. § 237; Works, Courts and Jur. 551; 52 N. W. 905; 127 Mo. 242; 37 S. W. 55; 16 Ill. App. 434; 2 Wade, Att. § 391; 69 Ark. 401; 37 S. W. 55.

*Charles E. Warner,* and *A. A. McDonald,* for appellee.

The circuit court has no jurisdiction of the person of the defendant in an action for debt upon a promissory note, where suit is filed in one county against a sole defendant, and the summons issued to the sheriff of another county and returned showing service in that county upon the defendant at his residence. Sand. & H. Dig. § 5696; Rood, Garnishment, § 236; 72 Ill. 487; 42 Ia. 538; 51 Ia. 239; 14 So. 559; 60 N. W. 376; Cooley, Const. Lim. 498; 2 Wade, Att. § 399; 2 Shinn, Att. & Gar. § § 606, 607; Works, Jur. 261-2; 11 Oh. St. 374; 23 Neb. 501; 127 Mo. 242; 16 Ill. App. 434; 37 S. W. 55; 52 N. W. 905.

BATTLE, J.   F. N. Hancock commenced an action against B. Gibson in the Sebastian circuit court for the Fort Smith district

upon a promissory note executed by the defendant. Plaintiff alleged in his complaint that he had reason to believe that the American National Bank, of Fort Smith, Arkansas, had in its hands moneys, credits, property and effects belonging to the defendant. And he asked for judgment against the defendant for the amount of the note and interest, and that a writ of garnishment be issued for the American National Bank, requiring it to answer what moneys, credits, property or effects it had in its hands, possession or control belonging to the defendant.

The defendant at the time resided in Polk county, in this state, and the domicil of the American National Bank was in the Fort Smith district of Sebastian county, Arkansas. A summons directed to the sheriff of Polk county, commanding him to summon the defendant to answer the complaint, was issued, and was served upon him in that county; and a writ of garnishment was issued in accordance with the prayer of the complaint, and was served upon the American National Bank in the Fort Smith district of Sebastian county.

The question in this case is, was this action properly brought in the Sebastian circuit court for the Fort Smith district? The circuit court held that it was not, and rendered judgment accordingly.

Section 5696 of Sandels & Hill's Digest provides: "Every other action (other than those already named of which an action like this was not one) may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." This is section 96 of the Code of Practice in Civil Cases. Section 31 of the same Code, section 5630 of Sandels & Hill's Digest, shows who is meant by the word "defendant" in the former section. It provides who shall be defendants in an action as follows: "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the question involved in the action."

The matter in controversy in the action against the defendant is the indebtedness evidenced by his note. The garnishee has and claims no interest therein, and is not a necessary party to a complete determination of the question presented by the action against the defendant. Hence the American National Bank

was not a "defendant" within the meaning of section 96 of the Civil Code, and is denominated a "garnishee" to distinguish it from the defendant. It was not affected by the action against the defendant until it was served with the writ of garnishment, and was not bound then or liable to judgment until the termination of that action by a judgment in favor of the plaintiff upon the note. *Bergman* v. *Sells*, 39 Ark. 97; *Johnson* v. *Foster*, 69 Ark. 617.

Plaintiff argues that the writ of garnishment is in the nature of an attachment against the property of the defendant, and that therefore this action was properly brought in the Fort Smith district of Sebastian county, where the garnishee was served. This contention is based upon section 223 of the Civil Code (section 332 of Sandels & Hill's Digest), which is as follows: "Attachments may be sued out, and the action in which the same are obtained may be prosecuted, in any county in which property may be attached, or a garnishee who is indebted or has property belonging to the defendant is served with process." But this section has reference only to attachments and garnishments sued out in the cases and upon the grounds enumerated in section 216 of the Civil Code, and section 325 of Sandels & Hill's Digest, which provide: "The plaintiff in a civil action may, at or after the commencement thereof, have an attachment against the property of the defendant, in the cases and upon the grounds hereinafter stated, as a security for the satisfaction of such judgment as may be recovered:

"First. In an action for the recovery of money, where the action is against—

"1. A defendant or several defendants who, or some of whom, is a foreign corporation or nonresident of tne state; or

"2. Who has been absent therefrom four months; or

"3. Has departed from this state with intent to defraud his creditors; or,

"4. Has left the county of his residence to avoid the service of a summons; or,

"5. So conceals himself that a summons cannot be served upon him; or,

"6. Is about to remove, or has removed, his property, or a material part thereof, out of this state, not leaving enough therein

to satisfy the plaintiff's claim or the claim of said defendant's creditors; or,

"7. Has sold, conveyed or otherwise disposed of his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder or delay his creditors; or,

"8. Is about to sell, convey or otherwise dispose of his property with such intent  *  *  *.

"Second. In an action to recover possession of personal property where it has been ordered to be delivered to the plaintiff, and where the property, or part thereof, has been disposed of, concealed or removed, so that the order for its delivery cannot be executed by the officer." The eight succeeding sections of the Digest provide how and where orders of attachment and writs of garnishments may be obtained in the cases and upon the grounds enumerated in section 216 of the Code, and section 325 of the Digest, of which eight sections section 332 of the Digest is one. In such cases and upon such grounds the attachment or garnishment may be sued out, and the sections in which they are obtained may be prosecuted, in any county where the property may be attached, or garnishee is served with process.

This action was not based upon, and could not have been brought under, those sections. The defendant was a resident of this state, not absent therefrom, was not seeking to evade process, and was not guilty of any act which subjected his property to seizure under an order of attachment, so far as is shown by the record in this case. An order of attachment or writ of garnishment could not have been sued out in this action under those sections.

In *Johnson* v. *Foster*, 69 Ark. 617, cited by plaintiff, the defendant was a nonresident. An affidavit and a bond were filed, and a warning order was made and published. The question in this case was not presented or decided in that case.

This action should have been brought in Polk county, where the defendant resided and was served with process.

Judgment affirmed.