WOOLVERTON v. FREEMAN.

Opinion delivered December 9, 1905.

1. JUSTICE OF THE PEACE—APPEAL—JURISDICTION.—On appeal from a justice of the peace, the circuit court acquires such jurisdiction as the justice had, and can render only such judgment upon the pleadings and proof as the justice could or should have rendered. (Page 237.)

2. TRIAL—ABSTRACT. INSTRUCTIONS.—It was not error to refuse prayers for instructions that were not responsive to any issues raised by the pleadings. (Page 237.)

3. EXECUTION SALE—RESTITUTION OF PROPERTY—ISSUES.—A creditor instituted a garnishment proceeding before a justice of the peace to collect a judgment, and recovered judgment against the garnishee, who appealed without supersedeas to the circuit court, where the judgment against her was reversed. In the meantime the creditor had caused execution from the justice's court to be levied on the garnishee's property, and had purchased at the sale. The circuit court instructed the jury to return a verdict for the garnishee, and assess her damages at the value of the property. *Held* that, although the circuit court had power, by virtue of its appellate jurisdiction, to make an order of restitution upon proper motion and showing, such order was improper where no such question was before the jury under the issue joined. (Page 237.)

Appeal from Conway Circuit Court;.WILLIAM L. MOOSE, Judge; reversed.

This is a garnishment proceeding, originally brought in justice court by appellant against the appellee in an effort to collect· a judgment, interest and cost, all amounting to about $25, due from Dick Freeman, appellee's husband, to appellant. The pleadings making up the issues in the cause consist of the allegations and interrogatories filed by the appellant, appellee's answer thereto, and appellant's denial or objection thereto of record. Appellee, having previously filed her answer, did not appear in justice's court for trial, but made default. After hearing the testimony, the issues and findings were for the appellant, and judgment entered accordingly.

Later appellee filed proper affidavit, and took an appeal to the circuit court, where the cause came on, and was tried at the October term, 1903, on the same pleadings filed in the justice's court, which resulted in a verdict and judgment for appellee. In the meantime, appellee did not supersede the justice's judgment against her by bond, as provided by law, and a short time after it was rendered, appellant caused execution to be issued and · levy made on three hogs owned by appellee and a cow which she and her son, Will, had bought on credit from Mrs. Ethrage. At the execution sale, appellant bought the cow for $20, and the hogs for $6. Appellant, appellee and Mrs. Ethrage all testify that there was still due on the purchase money for the cow $16 or $17. which, after the sale, appellant paid. He testifies that he paid this in order to discharge the purchase money lien held by Mrs. Ethrage, and clear his title to the cow; and that he understood that it was both right and necessary for him to do so. Appellant says he paid all the property was worth at the execution sale. Mrs. Ethrage testifies that she sold the cow on time for $25, and that she was worth more than $20.

She sold the cow to Mrs. Freeman and her son, Will, to be paid for in work; and if not paid for in the fall, they were to pay the balance in money. They had paid, when the cow was levied on, about $8. The cow was levied on and sold before fall.

Appellee in her answer to the allegation and interrogatories admitted that she had on her premises property belonging to

defendant, Dick Freeman, of the value of $6, but in her testimony on the trial of the cause she swears that she did not owe the defendant anything, and she made no claim to his property on her premises or in her possession.

Appellant asked the court to instruct the jury as follows:

"1.   You are instructed that this is a suit on appeal from justice court from a judgment rendered there, upon the allegations and interrogatories of the plaintiff and the answer thereto, as to whether the garnishee has her in her possession any property belonging to the defendant, Dick Freeman, and whether or not she is indebted to him; and this is the only question to be settled in this suit.

"2.   You are instructed the garnishee is not entitled to recover in this suit the property or its value taken and sold under execution issued on the judgment in favor of the plaintiff and against her in the justice court.

"3.   You are instructed that the garnishee would be entitled to recover from the plaintiff, if at all, only the value of her undivided interest in the cow; and that she would not be entitled to recover of the plaintiff for the value of Will Freeman's interest, who owned the cow jointly with her.

"4.   You are instructed that the garnishee, if she recovers in this suit, would not be entitled to recover the amount plaintiff paid out on the cow to discharge the purchase money lien held by Mrs. Ethrage.  She would be only entitled to recover the value of the property taken, less the amount plaintiff paid out to discharge the lien debt."

The court refused each of the instructions, and plaintiff excepted.

The court then, of its own motion, peremptorily directed the jury to "return a verdict for the garnishee, and assess her damages at the value of the property taken and sold under the execution."

Appellant objected to this instruction, and saved exceptions.

Verdict and judgment for garnishee for $34.  Appellant then moved for a new trial, setting out in separate paragraphs errors of the court in refusing instructions 1, 2, 3, and 4 asked for by appellant, and giving the verbal instruction quoted above.

Also surprise, and that the verdict was contrary to law, and contrary to the evidence.

Motion overruled, exceptions saved, appeal prayed and granted.

*W. P. Strait,* for appellant.

The court erred in giving instructions 1 and 2 asked for by appellant, and in giving its peremptory instruction. The pleadings and issues having been made up in the justice's court, the circuit court on appeal is bound by them. 46 Ark. 132; 30 *Id.* 560. Facts proved but not averred in pleading can avail nothing. 41 Ark. 393; 29 *Id.* 500. On appeal the circuit court can render no judgment that the justice could not have rendered. 44 Ark. 377; 42 *Id.* 485; 36 *Id.* 222; 2 Enc. Pl. & Pr. 365, and cases cited; 27 Ark. 508; 6 *Id.* 371; *Ib.* 41; 9 *Id.* 463; 6 *Id.* 182. One who pays the debt of another, discharging the purchase money lien in order to protect his own title, is not a volunteer, and is entitled to be substituted as the creditor. 24 U. S. 534; 109 Ind. 438; 90 Ind. 63; 23 L. R. A. 127 (note); 95 Mo. 250; 62 Iowa, 609; 68 Ark. 369; 38 *Id.* 385. If he buys at a void sale, believing he is obtaining good title, and pays a lien debt, he is entitled to restitution before recovery by defendant in the void proceeding. 50 Ark. 361. If he pays money by mistake of his legal rights, he is not a volunteer, and may recover it. 36 Ark. 196; 49 *Id.* 425; 96 Mo. 13; 1 Edw. Ch. 467; 56 L. R. A. 477; 70 Ark. 161.

Wood, J., (after stating the facts.) The issues were made by the filing of the allegation and interrogatories in the justice's court and appellee's answer thereto. These were the issues before the circuit court on appeal, and they were correctly stated in appellant's first and second prayers for instructions.

The circuit court on appeal acquires such jurisdiction as the justice had, and can render only such judgment upon the pleadings and proof as the justice could or should have rendered. Kirby's Digest, § 4682; *Whitesides* v. *Kershaw* 44 Ark. 377.

The third and fourth prayers were not responsive to any issues raised by the pleadings, and the court did not err in refusing them.

The court erred in directing the jury to return a verdict in

favor af appellee for the value of the property taken and sold under execution. That was not the issue for the jury. In directing the peremptory verdict, the court doubtless concluded that the uncontradicted evidence showed that the appellee was not indebted to the judgment debtor, and had no property in her possession belonging to him which she had not offered to surrender, and that the sale under the execution issued from the justice's court was void. If this were true, still restitution was not a question for the jury under the issue joined. An order for restitution might have been made by the court upon motion of appellee after verdict in her favor, and an opportunity given the appellant to resist such motion. The circuit court, by reason of and as incident to its appellate jurisdiction, had power to make such order in the same case upon proper motion and showing. 3 Cyc. 467 e.; *Haebler* v. *Myers,* 132 N. Y. 363.

For the error indicated, the judgment is reversed, and the cause is remanded for further proceedings.