CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO. *v.* YOUNG.

Opinion delivered March 9, 1908.

JUSTICE'S COURT—RIGHT OF THIRD PERSON TO APPEAL.—Where an action was brought in a justice's court against the Rock Island, Arkansas & Louisiana Railway Company, and judgment was recovered against it, an appeal therein taken by the Chicago, Rock Island & Pacific Railway Company was unauthorized, and should have been dismissed.

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*Buzbee & Hicks* and *Geo. B. Pugh,* for appellant.

The action instituted, and the judgment rendered by the justice of the peace, was rendered against a different corporation from this appellant. If, by oversight of an attorney, an appeal was prayed from that judgment to the circuit court in the name of this appellant, that did not justify the latter court in holding that it had made itself a party to the action, in the absence of any proceedings instituted against it. Kirby's Digest, § 4565. There was no consent to the judgment. A judgment not based on pleadings or consent is void. 76 Ark. 146; 51 Pac. 284; 48 Pac. 569; 1 Freeman on Judgments, § § 120, 120c.

*J. H. Green* and *J. B. Moore,* for appellee.

The use of the name Rock Island, Arkansas & Louisiana Railway Company as defendant in the proceedings before the justice of the peace was a mere misnomer; but the summons was actually served on this appellant. Appellant not only ap-

pealed from the judgment, but also executed bond and superseded it, reciting in the affidavit that *it was aggrieved* thereby, and admitting in the supersedeas bond that it was the party defendant in the justice court proceedings. Taking an appeal or filing an answer or submitting to a regular trial is an appearance and a waiver of summons. 25 Ark. 99; 45 Ark. 295; 44 Ark. 482; 77 Ark. 497-506. Appellant is estopped to question the court's jurisdiction. 6 Ark. 438; 70 Ark. 197; 75 Ark. 571; 76 Ark. 391; art. 7, § § 11 and 40, Const.

BATTLE, J. W. T. Young brought an action before a justice of the peace of Union County against the Rock Island, Arkansas & Louisiana Railroad Company to recover damages on account of the killing of a cow. On the first of December, 1906, the justice of the peace rendered judgment against the defendant for $70, there being no appearance nor answer of the defendant. On the third day of December, 1906, the Chicago, Rock Island & Pacific Railway Company prayed an appeal from the judgment against the defendant, filing the affidavit of one of its attorneys and stating therein that it was aggrieved by the judgment against it. On the 21st day of March, 1907, the circuit court rendered judgment against the Chicago, Rock Island & Pacific Railway Company for $80, and it appealed to this court.

The Chicago, Rock Island & Pacific Railway Company, not being a party to the action, could not take an appeal from the judgment. To make it a party to the action by an appeal to the circuit court would be an attempt to institute a new action, which can not be done. "On appeal from a justice of the peace, the circuit court acquires such jurisdiction as the justice of the peace had, and can render only such judgments" as the justice could or should have rendered. *Woolverton* v. *Freeman,* 77 Ark. 234. The circuit court could try the same cause of action, and no other, which was tried before the justice of the peace. Kirby's Digest, § 4682. The proceedings of the circuit court are without authority.

The judgment of the circuit court is reversed, and the appeal is dismissed.