## HINES v. STEPHENS.

### Opinion delivered May 24, 1909.

1. ATTACHMENT—DISCHARGE—DAMAGES.—Upon the discharge of an attachment suit, the defendant is entitled to judgment for the value of the property which was sold under the writ of attachment. (Page 519.)

2. AGENCY—RATIFICATION OF UNAUTHORIZED ACT.—An appeal taken by an attorney will not be dismissed because it was taken without the authority of the appealing party, if he subsequently ratified the unauthorized act of his attorney by prosecuting the appeal. (Page 520.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; judgment reduced and affirmed.

*J. L. Taylor,* for appellant.

1. Where the verdict is contrary both to the evidence and the instruction of the court, it will be set aside on appeal. 44 Ark. 259; 49 Ark. 381.

2. The appeal from the justice of the peace court as to Stephens should have been dismissed, because he prayed no appeal, did not know of the suit, and could not, under the facts, have authorized any one to pray an appeal for him. Kirby's Dig. § 4666; 70 Ark. 349.

*J. S. Jordan,* for appellee.

1. If there is evidence to support the verdict, even though it appear to be against the preponderance, this court will not disturb it. 70 Ark. 136; 75 Ark. 111.

2. If the act of appealing for Stephens was unauthorized, it was ratified by his prosecuting the appeal. Kirby's Dig. § 4665; 54 Ark. 220; 1 Am. & Eng. Enc. of L. 1181; 2 L. R. A. 808. A licensed attorney is presumed to act with authority, and there is no evidence that the attorney in this instance was not authorized. 40 Ark. 131.

McCULLOCH, C. J. Appellant Hines sued Stephens before a justice of the peace of Clay County on an account, in the sum of $103.14, for supplies alleged to have been furnished to the latter as the tenant of appellant to enable him to make a crop on appellant's land. A landlord's attachment was sued out and levied.

Dudgeon & Lindsey filed an interplea, claiming the attached property. Appellee Stephens failed to appear before the justice of the peace, and that court rendered judgment against him in favor of appellant for the full amount claimed, and sustained the attachment, and also found against said interveners. Stephens and the interveners all appealed to the circuit court, where, in a trial before a jury, a verdict was rendered in favor of Stephens and against appellant for the sum of $137; and judgment was rendered accordingly.

There were no written pleadings, and none were required, the case having originated before a justice of the peace. Kirby's Dig. § § 4580, 4671. No set-off was pleaded before the justice of the peace, therefore none could be pleaded in the circuit court. Kirby's Dig. § 4682, Appellee had the right, however, to plead his defense orally in the circuit court, even though he had made no defense before the justice of the peace, and could show as a defense that appellant's claim had been paid.

We are of the opinion that the evidence was sufficient to justify a finding by the jury that appellant's debt had been satisfied by the receipt of enough of the crop at market price before the commencement of this action. This being true, appellee was entitled to judgment over against the appellant for the proceeds of the attached property, which had been sold under

process of the court while the action was pending on appeal in the circuit court. This is allowed as damages on the discharge of an attachment (Kirby's Dig. § 381), and not as a set-off, which had to be pleaded in apt time.

The court gave the following instruction, which was expressly approved by both parties and requested to be given: "If you find for the defendant, you should find the value of his crop that was sold under the execution issued in this case." It was also agreed during the progress of the trial that the attached property brought its full value, which was $62, at the sale. The jury disregarded the evidence and the instructions of the court in returning a verdict for $137 damages against appellant, and the judgment must therefore be reduced.

It is further contended that the whole case should be reversed with directions to the circuit court to dismiss the appeal, for the reason that it was not properly taken. The appellee was temporarily absent from the State at the time, and the affidavit for appeal to the circuit court was made by an attorney purporting to be acting for him. Appellee testified at the trial that he did not employ the attorney to represent him before the justice of the peace, and it is insisted by appellant that this shows that the affidavit was made by the attorney without authority. The appellee did, however, prosecute the appeal, and this amounted to a ratification of the act of the attorney in taking the appeal.

The judgment against appellant will be modified, by reducing it to the sum of $62, with interest at six per cent. per annum from the date of the judgment in the circuit court, and affirmed for that amount. Appellant will be adjudged his cost of appeal; and it is so ordered.