GREER *v.* JOYCE.

Opinion delivered March 17, 1919.

JUSTICES OF THE PEACE—TIME FOR PLEADING SET-OFF.—Set-offs not presented in the justice's court cannot be allowed on appeal in the circuit court.

Appeal from White Circuit Court, *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

1. It was error to overrule plaintiff's motion to strike defendant's set-off. No set-off or counter-claim was plead before the justice and it could not be plead in the circuit court on appeal for the first time. Kirby's Digest, section 4682; 44 Ark. 375; 85 *Id.* 444.

2. The court erred in its oral charge to the jury. *Cases supra.* Judgment should be entered here, as the claim is undisputed.

*J. N. Rachels* and *W. A. Barnett,* for appellee.

The judgment appealed from was a default judgment before a justice of the peace. Appellee was not summoned and had no chance to make his defense before the justice and had the right to plead the set-off in the circuit court. 91 Ark. 93; 44 *Id.* 375; 15 *Id.* 24. Act No. 267, Acts, 1917; 98 Ark. 125. At most a remittitur should be allowed but the judgment should not be reversed. *Supra.*

WOOD, J. The appellant filed an account in the justice court against the appellee for the sum of $26. Service was had upon the appellee and judgment was rendered against him by default.

.   Appellee appealed to the circuit court. There he filed a set-off in the sum of $50. Appellant moved to strike the set-off, which was overruled. Appellant duly saved exceptions to the ruling.

The appellee admitted that he owed the amount sued for but contended that the amount was set off ˎby his claim and that appellant was due him a balance of $24. The cause was sent to the jury, and a verdict and judgment were rendered in favor of the appellee in the sum of $24. This appeal is duly prosecuted.

The court erred in overruling appellant's motion to strike the set-off. "Set-offs not presented in the justice court cannot be allowed on appeal in the circuit court. Kirby's Digest, section 4682; *Texas & St. L. R. Co.* v. *Hall,* 44 Ark. 375; *St. L., I. M. & S. R. Co.* v. *Richter,* 48 Ark. 349; 3rd Crawford's Digest, 3101. See also *Woolverton* v. *Freeman,* 77 Ark. 234; *Chicago, R. I. & Pac. Ry. Co.* v. *Young,* 85 Ark. 444; *Hinds* v. *Stevens,* 90 Ark. 518.

For the error indicated, the judgment is, therefore, reversed. As the appellee admits that he is due appellant the amount claimed, it follows that judgment must be entered here for that sum and it is so ordered.