MISSOURI PACIFIC RAILROAD COMPANY *v.* McLENDON.

Opinion delivered February 22, 1932.

*Thos. B. Pryor* and *W. L. Curtis,* for appellant.

*J. W. Perrymore* and *Starbird & Starbird,* for appellee.

MEHAFFY, J. The appellee, Harvey McLendon, filed a complaint in the Crawford Circuit Court on January 3, 1931, against Sullivan, Long & Haggerty Company. He alleged that the defendants were a construction company operating under the firm name and style of Sullivan, Long & Haggerty Company; that they were nonresidents of the State of Arkansas, and had property in the possession of the Missouri Pacific Railway Company about to be shipped out of the State.

Allegations and interrogatories were filed and a writ of garnishment was issued and served on the garnishee the same day.

Plaintiff alleged that the defendants were indebted to him in the sum of $1,500. The pleadings were not verified, and no affidavit was filed.

The defendant, at the same time, filed a bond in the sum of $3,000, the defendant's name being signed to said

bond by one of his attorneys, and the attorney signed it as surety.

. The Missouri Pacific Railroad Company, on January 22, filed its answer, denying that it had any goods, wares, chattels, moneys, credits, or effects in its hands at the time of the service or at any time thereafter.

On February 3, McLendon filed an affidavit for a warning order and on February 5, the warning order, was issued and was published, the first insertion being the 6th day of February.

On March 5, the appellee filed a response to the answer of the garnishee denying the allegations in said answer. On March 9 the garnishee filed an amended answer.

Report of attorney *ad litem* was filed on March 10, and also a motion to strike the answer of the garnishee from the files. The report of the attorney *ad litem* was to the effect that on February 18, he addressed a stamped envelope with his return address printed thereon to the defendants at Birmingham, Alabama, inclosing defendants a copy of the complaint, but that he had received no reply.

On the same day appellee filed a motion to strike appellant's amended answer from the files, and on the same day, February 18, the garnishee made an oral motion for an order discharging the garnishee, and this motion was overruled by the court.

The garnishee then filed an application to be permitted to defend in the case. In this motion, as well as in its answer, it was stated that on January 5, the defendant tendered shipment of eight cars of second-hand road and paving equipment to the garnishee at Mulberry, Arkansas; that said garnishee issued a bill of lading for the property, which was to be shipped to Lake Providence, Louisiana.

On March 19, the garnishee filed a demurrer to the jurisdiction of the court, alleging that at the time of the issuance and service of the writ of garnishment no suit

had been commenced, and also that the bond filed by appellee was signed by one of the attorneys of appellee without getting the permission of the court to become surety.

The jury returned a verdict for the sum of $750, for which sum judgment was entered against the garnishee. Motion for new trial was filed within the time allowed by the court, which was by the court overruled, exceptions saved, and an appeal prosecuted to this court.

Evidence was taken tending to show the indebtedness of defendants to appellee; and it was agreed by counsel for the parties that there was no original process for the purpose of securing service on the defendant, and it was also agreed that the property shown in the bill of lading exceeded the amount sued for, including costs.

Appellant discusses several questions, but we find it necessary to decide but one question, and that is, whether the writ of garnishment was void because at the time it was issued no action had been commenced against the original defendants.

The statute authorizing writs of garnishment reads as follows: ''In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of such courts, and such plaintiff shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits and effects belonging to such defendant, such plaintiff may sue out a writ of garnishment, setting forth such claim, demand or judgment, and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, to appear at the return day of such writ, and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to such defendant to satisfy said judgment, and answer such further interrogatories as may be exhibited against him;

provided, if the garnishment be issued before the judgment, the plaintiff shall give bond in double the amount for which the garnishment is issued, that he will pay the defendant all damages that he may sustain by the wrongful bringing of his suit or the issuing of the garnishment.''

It will be observed that this statute says that, when the plaintiff may begin an action, a writ of garnishment may be issued.

Was any action begun against the defendants in this case before the writ of garnishment was issued?

Section 1049 of Crawford & Moses' Digest is as follows: ''A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon.''

No summons was ever issued against the defendant in this case, the defendants being nonresidents. No affidavit for a warning order was filed until February 3, a month after the writ of garnishment had been issued.

This court has said: ''There is no statutory provision defining the commencement of a suit where service is constructive and made pursuant to §§ 6055-6 of Kirby's Digest. But by analogy it seems clear that a suit commenced by constructive service, as authorized by §§ 6055-6, is commenced when the proceedings therein provided for are complied with. In fact, this is a method of summons fitted to a case where the defendant is a nonresident.'' *Boynton* v. *Chicago Mill & Lumber Co.*, 84 Ark. 203, 105 S. W. 77.

Sections 6055-6 of Kirby's Digest, which were construed by the court, are §§ 1159-60 of Crawford & Moses' Digest.

The remedy given by garnishment is purely statutory, and the statute must be strictly construed. *Beasley* v. *Haney*, 96 Ark. 568, 132 S. W. 646; *Trowbridge & Jennings* v. *Means*, 5 Ark. 135; 9 Enc. Pleading & Practice 809; Rood on Garnishment, § 352.

The Michigan court said: ''All the proceedings in this case are special and statutory, and must be strictly

construed. To entitle the defendant to the benefit he claims under them, he must show they are clearly within the provisions of the statute. Statutes of garnishment, at best, give a "harsh and peculiar remedy," and ought not to be resorted to when the redress sought may be obtained through common-law proceedings. * * * It further appears from the record in this case that there was not any legal service, actual or substituted, of the process in the principal case. Clearly there was no legal service of any kind of either summons against the principal defendant. The only attempt at service, as returned by the officers, was a copy, and made several days before the return day in the one case, and the adjourned day in the other. This rendered the proceeding void, and gave the court no jurisdiction of the principal defendant." *Iron Cliffs* v. *Lahais,* 52 Mich. 394, 18 N. W. 121.

In the case of *McDonald* v. *Alanson Mfg. Co.*, 107 Mich. 10, 64 N. W. 730, the garnishment was held valid, although issued after the complaint was filed, but before service, but the court expressly held in that case that under the statute of Michigan a suit is commenced so as to authorize the issuance of a writ of garnishment when the declaration is filed, though the defendant has not been served with process.

Our statute authorizes the writ of garnishment only after an action has been commenced, and this court has expressly held that, where there is constructive service, the action is commenced when the proceedings provided for in the statute are complied with. There is no claim in this case that the statute was complied with before the writ of garnishment was issued and served. The proceedings therefore were void. *First Nat. Bank of Huttig* v. *Rhode Island Ins. Co.*, 184 Ark. 812, 43 S. W. (2d) 535.

Until the affidavit provided for in § 1159 of Crawford & Moses' Digest has been filed, the court had no jurisdiction, and there was no authority prior to this time to issue a writ of garnishment, and the writ issued with-

out a compliance with this statute was void. The statute only authorizes the writ of garnishment where an action has been begun, and one would have no more right to a writ of garnishment after filing his complaint but before the action was commenced, than he would have if no complaint had been filed. In order for the writ of garnishment to be valid, the statute must be complied with. The action must have been commenced before the writ can be issued.

The authorities are not in entire harmony, some courts holding that, if summons is served on the principal defendant before there is any motion made by the garnishee to quash the writ or discharge the garnishee, the garnishment is valid, but under our statute the writ cannot be issued until the action is commenced.

"There must be a strict compliance with the requirements imposed by statute in order that garnishment proceedings may be sustained, but, conversely, such a compliance with the statute is sufficient." 28 C. J. 189; Schiele v. Dillard, 94 Ark. 277, 126 S. W. 835.

"A strict compliance with the statutory prerequisites is essential to support the jurisdiction of garnishment proceedings as has already been noted. No presumption of jurisdiction is indulged, particularly as against direct attack, or where there is no personal service, and authority must be found in the law providing for the proceeding for every step taken until jurisdiction is acquired." 28 C. J. 190.

"It follows from the ancillary character of garnishment proceedings that, in order to support them, there must be jurisdiction of the proceeding against the principal defendant. * * * Where the court has failed to acquire jurisdiction of defendant in the principal action by any of the methods authorized by the statute, garnishment proceedings based on the principal action are void." 28 C. J. 191-2.

The appellee argues that the garnishment writ would be the beginning of an action, but the action must be

begun against the principal defendant. Appellee calls attention to the case of *Austin* v. *Goodbar Shoe Co.,* 60 Ark. 444, 30 S. W. 888, but the only thing the court held in that case was that the failure of an attaching creditor to file an attachment bond is an irregularity which may be waived by the appellant, and cannot be availed of by a junior attaching creditor to defeat the lien of the prior attachment.

Appellee also calls attention to the case of *Smith* v. *Spinnenweber,* 114 Ark. 384, 170 S. W. 84, but in that case action was commenced before the garnishment was issued. It was commenced against several parties as partners, and one of them was actually served before the garnishment was issued. The action was commenced in that case, because under the express terms of the statute, an action is commenced when complaint is filed and summons issued, but this court has never held that a garnishment may be issued before the action is commenced.

Appellee also calls attention to *Johnson* v. *Foster,* 69 Ark. 617, 65 S. W. 105, but in that case the court states that the complaint was filed and at the same time affidavit, bond and interrogatories for garnishment. The court also states that the defendant, Foster, was duly summoned by warning order.

While the statute must be strictly construed, there is no difficulty in complying with its provisions and commencing the action before the writ of garnishment is issued. At the time a plaintiff files his complaint, he can cause summons to be issued and thereby commence the action, or if the defendant is a nonresident, he can file his affidavit and cause a warning order to be issued, and in either event he can comply with the statute without difficulty.

It follows from what we have said that the judgment of the circuit court must be reversed, and the cause of action against the garnishee is dismissed.