MAHAN v. PARKS.

4-9775                                                248 S. W. 2d 880

Opinion delivered May 12, 1952.

Rehearing denied June 9, 1952.

D. S. Plummer, for appellant.

J. B. Reed, for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether an affidavit for attachment filed by a citizen of

Prairie county was sufficient *in rem* to subject the property of a Lee county citizen to sale for satisfaction of a debt, such property having been found in Prairie county.

Jess Parks resides in the Northern district of Prairie county. A. C. Mahan's legal residence is at Marianna, in Lee county. Parks sued Mahan in the court of J. B. Garth, a Justice of the Peace for White River township, Northern district of Prairie county. The justice directed a summons to the sheriff of Lee county, who served it on Mahan. Parks, however, does not contend that any rights (other than notice) were thereby acquired. The claim was for money alleged to have been due under an oral contract. Mahan, at each step of the proceedings, challenged sufficiency of the affidavit, but made no other defense. From a plaintiff's judgment an appeal was taken to circuit court, where the affidavit was amended and the attachment sustained.

The affidavit upon which Justice Garth acted alleged that Mahan was "about to sell, convey, or otherwise dispose of his property in the Northern district of Prairie county with the intent to hinder or delay this plaintiff as one of his creditors". As amended in circuit court the affidavit read, ". . . is about to sell, convey, or otherwise dispose of his property, with the fraudulent intent to cheat, hinder, or delay his creditors".

Essential changes are that in the first affidavit it was alleged that Mahan was about to dispose of his property *in the Northern district of Prairie county* with the intent to hinder or delay his creditors, while in the circuit court affirmation there is no reference to where the property is, and the motive is alleged to be *a fraudulent intent to cheat,* hinder, or delay creditors.

Grounds for attachment are set out in Ark. Stat's, § 31-101. The attempt here is to bring the action within the class of creditors mentioned in subdivisions 7 and 8: —the defendant has sold, conveyed, or otherwise disposed of his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder, or delay his creditors, or is about to sell, convey, or otherwise dispose of his property with such [fraudulent] intent.

There is no contention that Mahan is a nonresident of the state, or that he has left the county of his residence to avoid the service of a summons, or that he had concealed himself, or had been absent from the state for four months, or that he was about to remove any of his property from the state. But, says the appellee, § 31-104 permits an attachment to be sued out in any county in which property belonging to the defendant may be found, and allows the action for judgment to be prosecuted in that county.

It has been uniformly held that a circuit court does not acquire jurisdiction of appeals from justice courts unless the J. P. had such, hence plaintiff's effort to amend his affidavit after the appeal was taken is unavailing if materiality of the amendment determines jurisdiction. *Woolverton* v. *Freeman,* 77 Ark. 234, 91 S. W. 190, Ark. Stat's, § 26-1319. Other states are in line with our decisions in this respect. *Moore* v. *Neill,* 86 Ga. 186; *Jacobs* v. *Tichenor* (Pa.) 27 W. N. C. 35; *Carlisle* v. *Gunn,* 68 Miss. 243, 8 So. 743.

It is necessary, therefore, to determine whether the affidavit upon which the Prairie county justice acted was legally sufficient.

All of the authorities on attachment agree that issuance of the writ is in derogation of the common law. Wade on Attachment, § 41, p. 94, says that where the affidavit is required as one of the conditions upon which the writ may issue, "it is generally held to be requisite to the jurisdiction". What renders it so essential [says the author] is that a certain state of facts must exist in order to entitle the plaintiff to the writ, and "these facts can only be made to appear by the affidavit". It was held in *Nolen* v. *Royston,* 36 Ark. 561, that a defective affidavit for attachment upon a crop could be amended by inserting an omitted fact existing when it was made. This, however, was under a statute giving to the landlord a lien for rents.

The only allegation contained in the original affidavit is that Mahan was about to sell, convey, or otherwise dispose of his property *in the Northern district* of

Prairie county with the intent to hinder or delay the plaintiff as a creditor. Specifically, there is no assertion that the defendant did not have other property in the county; nor was it alleged that the intent was fraudulent unless an inference to this effect comes from the charge that the purpose was to hinder or delay collection of the obligation contended for.

Except in those cases where a different venue is fixed by statute, one alleged to be indebted to another may be sued only in his own county or where found. In *Hancock v. Gibson*, 72 Ark. 322, 79 S. W. 1061, Judge Battle commented that the eight subdivisions of the statute controlling attachment provide how and where the writ may be obtained "in the cases and upon the grounds enumerated in [§ 325, Sandels & Hill's Digest, now Ark. Stat's, § 31-101] and in § 332 of the Digest [now Ark. Stat's, § 31-104] . . . In such cases and upon such grounds the attachment or garnishment may be sued out, and the [actions] in which they are obtained may be prosecuted, in any county where the property may be attached, or garnishee is served with process".

Because statutory strictness is essential to a successful invocation of the extraordinary writ of attachment, we think the affidavit allegations were insufficient. This must have been the plaintiff's view when he sought to amend when the cause reached circuit court; but it was then too late to make essential alterations, and the judgment must be and is reversed.