## Saffold vs. Saffold et. al.

A decree *pro confesso*, made final upon constructive notice by publication, against a non-resident defendant in a chancery suit; *reversed* upon his appeal granted by a Judge of this court, because the order of publication, purporting to state the nature of the complaint in general terms, was silent as to the most material object of the bill; and because the 'fact of publication was evidenced by the affidavit of the editor, instead of that of the "printer or publisher," as required by the statute, or in lieu of it the production of the papers containing the advertisement.

*Appeal from the Circuit Court of Independence county in Chancery.*

The Hon. B. H. Neely, Circuit Judge, presiding.

Fowler, for the appellant. The affidavit of non-residence is insufficient, because the affiant swears as to his belief, and not positively. *Fienk vs. Flanagan*, 1 *Gilm. Rep.* 37. *Dig. p.* 227, *sec.* 13. The notice is defective, as it states the object of the bill to be for partition and distribution, and is wholly silent as to the divestment of the title of the appellant in the lands and slaves. *Dig. p.* 227, *sec.* 13; *Brodie et al. vs. Skelton*, 11 *Ark.* 129. The affidavit or proof of publication is also insufficient, because it is made by the editor, and not by the printer or publisher of the paper. *Dig. p.* 148, *sec.* 1. 11 *Ark. Rep.* 131. 7 *Mon. Rep.* 217. 2 *J. J. Marsh.* 486.

Mr. Chief Justice Watkins delivered the opinion of the Court.

The original bill in this cause was exhibited by one Lamburton and Anne, his wife, she being one of the heirs at law of John Saffold, against the other heirs at law, for an account and partition of his estate. Among the defendants to this bill were the appellant John J. Saffold, against whom an order of publication was taken as a non-resident defendant, and the appellee, James

F. Saffold. Pending this suit, James F. Saffold exhibited his cross bill against the complainants and his co-defendants to the original bill, including the appellant. The cross bill prayed for an account and partition in respect of the subject matter of the original bill, and the particular relief sought by it, as against the appellant, was based upon the allegation that he, by one Tapley H. Stewart, his attorney in fact, had sold and conveyed all his interest and claim as one of the heirs, in the estate of John Saffold, to certain persons, who had in turn sold and conveyed the same interest to the appellee and John F. Saffold, another of the parties to the suit. One of the objects, and so far as the appellant is concerned, the main object of the cross bill, was to divest him of his entire portion of the estate, and cause it to become vested by the decree of the court in the appellee and John F. Saffold.

An order of publication was taken upon the cross bill against the appellant, as a non-resident defendant, and he failing to appear, a decree *pro confesso* was entered, and upon the final hearing of both suits, a decree was rendered against him in accordance with the prayer of the cross bill.

The appellant, acquiescing in the decree for partition under the original bill, has appealed from the decree upon the cross bill, affecting his rights.

It will only be necessary to notice one of the matters assigned for error in the proceedings had against the appellant upon the cross bill, which is, that they were had without any sufficient or lawful notice to him of the pendency of the suit. He contends that the notice was insufficient, because the affidavit of the non-residence, which the statute requires to be made by the complainant, or some other person for him, in order for service of notice to be had by publication, did not state that the appellant was a non-resident, but only that the affiant believed he was; that the order made for publication against the appellant, professing to state the nature of the complaint in general terms as required by the statute, set forth that " the object and nature of the cross bill is to obtain a discovery and account to be taken

51

between the complainants and the defendants thereto, relative to the lands and slaves, goods, chattels, money, credits and effects which were of John Saffold, deceased, the hire, rents, issues, and profits thereof, and to obtain partition of said lands and slaves, and distribution of the personal estate of the deceased," but was silent as to the most material object of the cross bill so far as it affected the rights of the appellant, namely, to exclude him from partition, and by virtue of the alleged conveyances to divest him of all interest in the estate to which he was an heir.    And lastly, it is objected for the appellant, that the evidence of publication, when returned and filed, purports to be verified by the affidavit of the editor instead of the "printer or publisher" of the newspaper, as provided by the statute in such case.

Upon inspection of the record these objections appear to be well taken in point of fact, and adhering to the opinions in *Brodie vs. Skelton*, 6 *Eng.* 129 and *Clark vs. Strong*, 13 *Ark.* 491, the conclusion is inevitable that they are well founded in law.

The revised statutes of 1839, required the publication of notice to non-resident defendants, of the pendency of the suit, to state fully the substance of the allegations and prayer of the bill, and this notice had to be published for eight weeks successively.

By the act of 1843, it is only necessary to state the nature of the complaint in general terms ; and the act of 1845 shortens the time of publication to two weeks in succession.    We must suppose that the policy which influenced these changes in the statute, was to lessen the expense of legal proceedings and not to deprive the absent defendant of any safeguard for the due protection of his rights.    It therefore affords no color of license to the courts to depart from the practice requiring that all the steps by means of which the complainant may charge a non-resident defendant upon constructive notice, be substantially complied with.    The nature of the complaint upon the cross bill in this case is not sufficiently stated to comply with the spirit of the statute.    So the affidavit of the printer or publisher is required, or in lieu of that, the production of the papers containing the ad-

vertisement. The affidavit of the editor, in any given case may be true in fact, but the law, which must prescribe general rules, does not authorize the authentication by an editor, who may be and often is a person not concerned in the printing or publishing of the paper.

Without passing upon any other question sought to be raised by the assignment of errors, the decree upon the cross bill, from which the appellant has appealed, will be reversed, and upon the remanding of the cause for any further proceedings, that may be had upon this branch of it, he will be considered in court as if duly served with process, with leave to demur, plead or answer to the cross bill.