## TURNAGE ET AL. VS. FISK EX. ET AL.

The statement in an affidavit, that the affiant is ignorant of the place of resi-
dence of the party against whom an order of publication is prayed, is not sufficient
to authorize such order under *section* 13, *Ch.* 28, *Art.* 1, *Gould's Dig.*

To authorize such order under section 15, it is necessary that a subpœna should be
returned " not found" and the court be satisfied that process could not be served ;
and the affidavit must state positively that the party is not a resident of this State
—a statement that the affiant " is informed and believes" that the party is not a
" citizen of this State" is insufficient.

Exceptions to answers should be definite and specific ; general exceptions will not be
entertained or acted upon.

Where a paper relied upon by both parties is made an exhibit with the bill, it is no
ground of exceptions to the answer that the defendant had not produced a copy of
the same paper.

It is no just exception to an answer, otherwise responsive, that the defendant did not
file with it, as an exhibit, a title paper relied upon as a defence, even though the
complainant seeks its cancellation—the production of all papers mentioned in the
answer will, if required, be ordered by the court, and their absence as exhibits fur-
nish no ground of exception.

*Appeal from Crittenden Circuit Court in Chancery.*

Hon. MARK W. ALEXANDER, Circuit Judge.

FOWLER & STILLWELL, for appellants.

To authorize a decree upon constructive notice all the requi-
sites of the statute must be complied with, and must be shown
upon the record.   11 *Ark.* 130; 13 *Ib.* 492; 14 *Ib.* 408.

The affidavit of non-residence was insufficient.   *Gould's Dig.*
*sec.* 7, *p.* 219, *sec.* 13, *p.* 220.

The exceptions were bad for generality.   5 *Paige* 115; *Mit.*
*Eq. Pl.* 285.

GARLAND & RANDOLPH, for appellees.

When time is given to answer and the party fails to do so, it is discretionary with the court whether the party shall be afterwards heard, and that discretion is not the subject of review. 16 *Ark.* 616; 2 *Danl. Ch. Pr.* 908.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

The affidavit of Benjamin C. Brown, that the complainants and himself did not know the place of residence of John B. Smith, was not sufficient to authorize an order of publication against him, or to make such order any notice to him of the suit. Nor is the affidavit attached to the amended and supplemental bill, sufficient for a foundation upon which to obtain constructive notice against William Park. A glance at the statute is enough to show that the first affidavit does not conform to the 13th *sec. of Chap.* 28, *Art.* 1, *Gould's Dig.*, and the plaintiff could not obtain publication against Smith, under the 15th section, until a subpœna had been returned not found, and the court had made an order of publication on being satisfied that ordinary process could not be served upon him.

The same affiant, in his second affidavit, says that he is informed and believes that William Park is not a citizen of this State. The statute contemplates that the oath should be made by some one who knows what he is swearing, and so provision is made that the affidavit may be made by the plaintiff, or some person for him. What the affiant's information and belief might have been was immaterial; what the statute required is an oath founded upon knowledge of the fact. Nor was it enough that Park was not a citizen of the State. He might reside in the State and not be a citizen of it, either from having his legal domicil in some other State or country, notwithstanding a temporary residence in this State, or he might have been an alien subject of some foreign potentate, or authority, and yet not liable to be sued, except upon actual notice as a resident of the State.

No decree *pro confesso*, or decree of any sort could be legally

made against Smith or Park, as they were not liable to the constructive notice sought to be charged upon them. *Brodie vs. Skelton*, 6 *Eng.* 131, 132; *Saffold vs. Saffold*, 14 *Ark.* 408. We are not disposed to recede from the strictness which these cases, and *Clark vs. Strong*, 13 *Ark.* 291, exact, in proceeding under the statute that deals with parties as in court, without actual notice being given to them of the beginning of the suit. If we had any dispensing power over the statute we would not exercise it.

The orders of the court recite that Smith and Park were, by the affidavits accompanying the bills, shown to be non-residents of the State; but to us the affidavits are significant of what is in them, and we are not required to gather their meaning from the interpretation put upon them in the orders of the court below.

At the November term, 1857, of the circuit court of Crittenden county, the defendant Turnage, filed his answer, to which the plaintiff excepted, specifying three causes of exception; that the answer was vague and indefinite; that it admitted that Turnage claimed title to the land in controversy, under a patent issued to John B. Smith, of which he had an exemplification, and did not produce it; that he claimed title to the land under a deed from Smith, and did not exhibit or produce it, notwithstanding the plaintiff wished the original to be brought into court to be canceled. The court sustained the exceptions at the May term, 1858, and required Turnage to answer further within sixty days, and ordered that, in default thereof, the bill " would be taken for true and confessed as against" him. At the November term, 1858, it was recited in an order, that Turnage "had wholly failed to appear and show cause why the decree *pro confesso* heretofore made and entered against him should be set aside, or otherwise to plead, answer, demur, or defend said suit." Then the order continues to make the decree *pro confesso* final against Turnage, which is drawn out in full form.

Every thing done affecting Turnage, after he came into court, is erroneous. No decree *pro confesso* was ever taken against

him; it only was to be done if he failed to answer further within sixty days, when, at the next term of the court, it was assumed, against the fact, that a decree *pro confesso* had been taken against him, as it had been against Park. We need not inquire what Turnage's rights would have been, if, upon his default to answer further, a decree *pro confesso* had been taken against him, as the order of May, 1858, declared would be done upon such default; as it was wrong to enter a final decree upon a decree *pro confesso*, when none had been rendered, or taken against Turnage. But Turnage was not subject to a decree *pro confesso*, and to have entered one against him would have been an illegal act.

The first exception to his answer was itself vague and indefinite, not specifying wherein were the vagueness and indefiniteness of the answer. It was a general exception and should have been overruled. 2 *Dan. Ch. Pr.* 882, (*Perkins' Ed.*) There was no occasion for Turnage to file with his answer a copy of the patent to Smith. The patent was as important to the plaintiffs as to Turnage, and their interest was the same as his to exhibit a copy, which they did in their bill; they had no claim upon Turnage to require him to bring his copy into court. The second exception was not well taken. It was important for Turnage to exhibit with his answer and to produce on the trial his deed from Smith, if he wished to avail himself of it, as a ground of defense. But this was a consideration for himself alone, to be determined as he might be well, or ill advised, or as he might insist on, or yield his defense of having purchased the land and taken the deed in good faith. The plaintiffs had no claim upon the deed, and had nothing to do with it, except to have it canceled, which could be done, and which they had done, without its production. The third exception contained no cause for declaring the answer insufficient. Without the deed it was a response to the bill, and put the plaintiff upon proof of its allegations. Of course, the papers mentioned by Turnage in his answer, and all in his possession relating to the matter in controversy, were subject to the call of the court, on

motion of the opposite party ; but an order could have been made upon Turnage to produce them, if proper to have been made, but that they were not exhibited with his answer was no cause for him to be burdened with filing another answer, and was no ground for the rejection of his defense.

The decree against Fisk will not be disturbed. His acknowledgment of service of the subpœna was good notice to him of the suit. The decree as against Smith, Park and Turnage is reversed. The cause will be remitted to the court below—Smith and Park to be taken as in court from their appearance to the case here, and will interpose their defenses under the direction of the court, and according to law. The exceptions to Turnage's answer must be overruled, and Turnage is to file an amended answer if he shall wish to do so.

Smith, Park, and Turnage are to have their costs in this court.