## HOLLOWAY *v.* HOLLOWAY.

### Opinion delivered March 9, 1908.

1. CONSTRUCTIVE SERVICE—SUFFICIENCY OF AFFIDAVIT.—Kirby's Digest, § 6055, authorizing the clerk to make a warning order upon the complaint upon the filing of an affidavit of plaintiff stating, *inter alia,* that defendant is "a non-resident of this State," or "conceals himself so that a summons cannot be served upon him," an affidavit which states in the alternative that defendant is either a non-resident or so conceals himself that a process of summons cannot be had upon him is insufficient to justify the issuance of a warning order. (Page 433.)

2. APPEARANCE—TAKING APPEAL.—Where a defendant was not properly brought into court by a warning order, but prosecuted an appeal from an adverse judgment, he will be held to have entered his appearance by appealing. (Page 434.)

Appeal from Conway Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed.

### STATEMENT BY THE COURT.

On September 3, 1906, appellee, Ella N. Holloway, filed her bill for divorce against appellant, Milton Holloway, in the Conway Chancery Court. The complaint alleges cruel treatment, and the custody of the children is asked for.

Accompanying the complaint is the following affidavit for warning order, duly signed and sworn to: "I, Ella N. Holloway, do solemnly swear that the defendant, Milton Holloway is at present a non-resident of the State of Arkansas, or so conceals himself that a process of summons can not be had upon him."

This affidavit was filed in the office of the clerk of the court, and a warning order was duly issued by him. At the next term of the court a decree of divorce was rendered in favor of appellee upon the pleadings and depositions filed in the cause by appellee, appellant having failed to appear.

Appellant has brought the case to this court.

*Priddy & Chambers* and *Sellers & Sellers,* for appellant.

1. The affidavit for warning order, being in the alternative, was insufficient. Kirby, § 6055; 53 Ark. 181; 22 Ark. 286; 37 Mich. 174; 66 Hun, 561; 15 Kan. 269; 62 Hun, 591; 5 La. Ann. 203. Absence of the statutory affidavit is fatal on appeal. 70 Ark. 409.

2. There is no showing in the record that the warning order was properly made, by indorsement thereof on the complaint. Kirby's Digest, § 6055. The mere statement indorsed on the complaint by the clerk that "Warning order and copy issued this 3rd day of Sept. 1906," is not a compliance with the statute. 72 Ark. 109; 76 Ark. 466. This is not a case of collateral attack. The defect is fatal on an appeal. 55 Ark. 33; 71 Ark. 318; 72 Ark. 109.

3. The decree was prematurely rendered. The warning order, if made at all, was made on September 3, 1906, and under the statute appellant would be deemed to be summoned on October 3. The term of the court opened October 8. He was entitled to 30 days after service in which to answer. Kirby's Digest, § § 6058, 6113, 6114; 85 Am. Dec. 527; 9 Ark. 354; 32 Ark. 717; 36 Ark. 217.

4. No legal appointment of an attorney *ad litem* was made. There is nothing in the record to show that the person appointed as attorney *ad litem* was a regular practicing attorney of the court. Kirby's Digest, § 6255. This is jurisdictional, and must affirmatively appear of record. 21 Law. Ed. (U. S.) 962; 48

Ark. 246; 55 Ark. 30; 51 Ark. 34; 1 Pac. 438; 14 Cyc. 658, note 54.

*C. C. Reid* and *Walter D. Jacoway,* for appellee.

1. An affidavit is not insufficient by reason of the fact that it is in the disjunctive in stating that the defendant is concealed within the State or has gone out of the State so that process can not be served upon him, if the material fact appears that his whereabouts can not be ascertained.  157 Ill. 95; 20 Neb. 486.

2. It was not necessary for the record to show that the person appointed as attorney *ad litem* was "a regular practicing attorney" of the court, since every court takes judicial cognizance of its own officers.  17 Am. & Eng. Enc. of L. 923-4 and notes.

3. The warning order was, it is affirmatively shown, issued strictly in compliance with the statute. It was *attached to* the complaint. The statute does not require that the order shall be written upon any particular part of the complaint, simply that it be made upon the complaint.  148 Ill. 207; 80 Ill. 307.

4. The decree was not premature.  52 Miss. 377; 26 Neb. 68.

HART, J., (after stating the facts.) The statute, Kirby's Digest, § 6055, authorizes the clerk to make a warning order upon the complaint upon the filing of an affidavit of plaintiff, stating any one of six facts, among which are, that defendant is "a non-resident of this State" or "conceals himself so that a summons can not be served upon him."

The affidavit is in the alternative, and neither states the fact of non-residence nor that the defendant conceals himself so that a summons can not be served upon him. It simply states one or the other, without any possibility of ascertaining which.

In the case of *Kegel* v. *Schrenkheisen,* 37 Mich. 174, it was held that an affidavit for attachment stating that the defendant has assigned, etc., or is about to assign his property, is fatally defective for being in the alternative. Cooley, C. J., speaking for the court, said: "This affidavit is fatally defective because in the alternative. It should show the existence of either one cause or the other, which this affidavit does not."

In the case of·Dickenson v. Cowley, 15 Kan. 269, Brewer, J., said: "There was a fatal defect in the attachment proceedings. The grounds for the attachment alleged in the affidavit were, 'that the defendant is a foreign corporation, or a nonresident of Brown County.' There are two objections to this, one that it is in the disjunctive."

In the case of Ranaldson v. Hamilton, 5 La. Ann. 203, the court held that the affidavit, being in the alternative, was defective because of uncertainty. The same rule has been announced in the following cases: Billings v. Noble, 43 N. W. 1131; Collins v. Beebe, 7 N. Y. Supp. 443; Arnot v. Wright, 55 Hun, 561; Dintruff v. Tuthill, 62 Hun, 591.

In a case of this kind it may not be said that where a plaintiff is ignorant of which of two statutory grounds are true he is without a remedy.

Where either of the last two mentioned facts of section 6055 of Kirby's Digest is stated in the return by the proper officer of a summons against the defendant, the clerk is directed to make the warning order upon the complaint.

Section 6056 provides that the court may make the warning order upon the requisite facts being shown by affidavit or other proof.

Appellant also contends that no warning order was properly made, that no proper attorney ad litem was appointed as required by the statutes; and that the decree was prematurely rendered and therefore void, because the same was entered of record before the defendant was required by law to file his answer.

Inasmuch as the cause must be reversed for the error indicated, and as the appellant has entered his appearance by taking this appeal, it is unnecessary to pass upon these questions.

The cause is reversed and remanded with leave to appellant to make such defense thereto as he is advised to do, and for further proceedings therein according to the rules and practice in such cases and the rights of the parties.