Al MORGAN *v.* CENTURY 21 PERRY REAL ESTATE

CA 01-1076                                          79 S.W.3d 878

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered July 3, 2002

*Randy Rainwater*, for appellant.

*John Maddox*, for appellee.

L ARRY D. VAUGHT, Judge. This is an appeal from an order denying appellant Al Morgan's motion to set aside a default judgment entered against him. On appeal, he contends that the trial court erred in finding (1) that there was no evidence of fraud in obtaining the default judgment, and (2) that there was no inadvertence, surprise or excusable neglect, nor any other reason justifying the setting aside of the default judgment. We affirm.

On September 8, 2000, appellee Century 21 Perry Real Estate filed a complaint against appellant, alleging that he entered into an exclusive listing agreement to sell his property through appellee's agent, Dennis Hughes, and that he violated the agreement by selling the property to Basil and Penny Kesterson. On September 29, 2000, Hughes filed an affidavit for warning order on behalf of appellee, stating, "According to the best information I have, from an investigation of the matter, the best known address of [appellant] is P.O. Box 413, Wickes, AR 71973. . . ." The affidavit requested that a warning order be issued and published to warn appellant of the action and that an attorney ad litem be appointed for the same purpose. Bob Keeter was appointed on September 29, 2000, as an attorney ad litem for the purpose of notifying appellant of the lawsuit and warning him that a judgment would be rendered against him if he did not respond within thirty days. The warning order was issued the same day.

Bob Keeter filed a report on October 30, 2000, stating that he sent appellant a copy of the complaint, the affidavit for warning order, the warning order, and the order appointing an attorney ad litem to "Al Morgan, P.O. Box 413, Wickes, AR 71973" on October 6, 2000, via certified mail, return receipt requested, restricted delivery. It was returned to sender bearing the notation "unclaimed." The warning order was published in the Mena Star on October 5, 12, 19, and 26 of 2000. Appellant never filed an answer, and a default judgment was entered on November 15, 2000. Appellee was awarded $8850, plus costs and attorney's fees. Appellee garnished monies owed by the Kestersons to appellant for the purchase of the house.

Appellant filed a motion to set aside the default judgment on March 9, 2001, and an amended motion on March 12, 2001. Appellant alleged that the judgment should be set aside for the following reasons: he received no notice of the action; he was out of state, his mail was not forwarded, and he did not see the warning order published in the Mena Star; the default judgment was a surprise; appellee had no knowledge of his whereabouts and appellee's agent signed an affidavit as to appellant's best known address without having any knowledge of his whereabouts or how to locate him; no efforts were made by appellee or its agent to

locate appellant; and that appellee committed fraud and misrepresentation in obtaining the listing agreement, which was the basis for its cause of action. After a hearing, the trial court denied the motion finding that there was no evidence of fraud in obtaining the judgment, that there was no mistake, inadvertence, surprise or excusable neglect, or any other reason justifying the setting aside of the judgment. A timely notice of appeal was filed on July 19, 2001.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Arkansas Rules of Civil Procedure, a default judgment may be entered against him. *See* Ark. R. Civ. P. 55(a). Rule 55(c) of the Arkansas Rules of Civil Procedure provides:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Default judgments are not favorites of the law and should be avoided when possible. *Miller v. Transamerica Com. Fin. Corp.*, 74 Ark. App. 237, 47 S.W.3d 288 (2001). When a trial judge denies a motion to set aside a default judgment, we must determine on appeal whether the trial judge abused his discretion. *Id.*

Appellant first argues that the trial court erred in finding that there was no evidence of fraud in obtaining the judgment. Specifically, he contends on appeal that appellee committed fraud because its agent filed an affidavit for warning order without making a diligent inquiry as to appellant's whereabouts. However, he did not make this argument to the trial court as a basis for his motion to set aside the default judgment. Rather, the motion only alleges that appellee's agent committed fraud and misrepresentation in obtaining the listing agreement and that the listing agreement was the basis for appellee's cause of action; the fraud allegation was only a defense to appellee's complaint. Appellant, at the hearing, testified that he was not alleging any type of fraud

with respect to service, but only that appellee committed fraud in not complying with the agreement between the parties. Appellant's argument is not preserved for our review because he failed to allege fraud in obtaining service of process as a basis for his motion to set aside the default judgment. It is well settled that we will not consider an issue raised for the first time on appeal. *Sutter v. Payne*, 337 Ark. 330, 989 S.W.2d 887 (1999). However, appellant did sufficiently raise the issue of the validity of service of process in his motion to set aside the default judgment by arguing that no efforts were made by appellee or its agent to locate the appellant.

Appellee's agent, Dennis Hughes, testified that the only address he had for appellant was the post office box in Wickes and that he knew that appellant had left the area. He called the post office to see if there was a forwarding address, and there was not. No other inquiry was made. Appellant testified that he left town, left no forwarding address, went to Alaska where he had no permanent address, did not check his mail, and had no one check it for him. There is no indication that appellee failed to use available information or even that appellant's whereabouts could have been ascertained. Unlike *Smith v. Edwards,* 279 Ark. 79, 648 S.W.2d 482 (1983), where the record reflected that Smith could have easily discovered Edwards's whereabouts, but he failed to utilize the available information, there is no indication from this record that Morgan could be located. Under these facts we do not find that the trial judge abused his discretion by denying the motion to set aside the judgment.

Appellant also argues that the trial court erred in finding that there was no inadvertence, surprise or excusable neglect, nor any other reason justifying the setting aside of the default judgment. Here, appellant testified that he kept the post office box and did not have a forwarding address in Alaska. He did not check his mail for a couple of months and did not have anyone check it for him. He also added that he was surprised when he learned of the default judgment. These facts do not demonstrate the surprise or excusable neglect contemplated in Rule 55 of the Arkansas Rules of Civil Procedure, and we cannot say that the

trial court abused its discretion in refusing to set aside the default judgment.

Affirmed.

STROUD, C.J., JENNINGS, BIRD, and CRABTREE, JJ., agree.

PITTMAN, GRIFFEN, NEAL, and ROAF, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I agree with Judge Roaf's dissenting view that appellee failed to comply with the requirement of Ark. R. Civ. P. 4(f) that the affidavit must show that a diligent inquiry was conducted into the defendant's whereabouts. I write separately to note two points in which I disagree with her dissenting opinion.

First, I disagree with the dissenting opinion's statement that a telephone call to the post office seeking a forwarding address can never constitute a diligent inquiry. Whether or not an inquiry is diligent is not a question that can be decided in the absence of a factual background. Essentially, the question is twofold: what avenues of inquiry were reasonably available, and what inquiries were in fact made? The reasonable availability of various lines of inquiry depends on a host of factors, including the availability of sources that could conceivably lead to information about the defendant's whereabouts, *e.g.*, family members, friends, former employers, or public records. In short, I believe that the inquiry that must be conducted under Rule 4(f) is nothing more and nothing less than a *reasonable* inquiry, and that what is reasonable depends on the facts of the case as stated in the affidavit.

Second, I disagree with the methodology used in the dissent to determine that Rule 4(f) was not complied with. In my view, the question in this case is not whether the facts adduced at the hearing to set aside show that a diligent inquiry was in fact made. Rule 4(f) specifically requires that the facts establishing that a diligent inquiry was made must appear in the affidavit, and I believe that a proper analysis should limit itself to the facts as they were set out in the affidavit. Here, the affidavit asserts only that appellee conducted an "investigation" — without even stating in a conclusory fashion that this investigation was a diligent one — and includes no facts whatsoever that would permit a conclusion that

the inquiry was reasonably diligent under the circumstances. Consequently, I believe that the affidavit was facially defective, and I would reverse solely on that basis. *See Gilbreath v. Union Bank,* 309 Ark. 360, 830 S.W.2d 854 (1992).

A NDREE LAYTON ROAF, Judge, dissenting. I cannot agree to affirm this case because it is clear to me that the appellee has failed to comply with the requirements of Ark. R. Civ. P. 4(f) (2001) that a "diligent inquiry" be conducted before service by warning order may be substituted for personal service upon a defendant.

At all relevant time during the proceeding, Arkansas Rule of Civil Procedure 4(f)(1999) provided in pertinent part:

> (f)     *Service Upon Defendant Whose Identity or Whereabouts Is Unknown*
>
> (1) Where it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for two consecutive weeks in a newspaper having general circulation in a county where the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or the agent of the addressee.

The standard by which our appellate courts determine the adequacy of constructive service was set forth in *Davis v. Schimmel,* 252 Ark. 1201, 482 S.W.2d 785 (1972), in which the supreme court stated:

> A method of service required for nonresidents is by publication of warning order. Ark. Stat. Ann. §§ 52-203, 27-354—357. The rule is well established that when constructive notice only is given, the requirements of the statute must be strictly complied with. *Sinclair Refining Co. v. Bounds, supra; Swartz v. Drinker,* 192 Ark. 198, 90 S.W.2d 483; *Missouri Pacific R. Co. v. McLendon,* 185 Ark. 204, 46 S.W.2d 626; Lawrence v. State, 30 Ark. 719. Where essential statutory provisions governing service by publication are not strictly complied with as to nonresident defend-

ants, all proceedings as to them are void. *Beidler v. Beidler,* 71 Ark. 318, 74 S.W. 13.

•    •    •    •

Where an action is based on constructive service, no action is commenced or cause pending until the proceedings provided for in the governing statute are complied with and if there is no such compliance, the proceedings are void, and the court has no power to take affirmative action. *Swartz v. Drinker, supra; Missouri Pacific R. Co. v. McLendon, supra; Sinclair Refining Co. v. Bounds, supra; Frank v. Frank, supra.* It is only where the affidavit prescribed by Ark. Stat. Ann. § 27—354 has been made and warning order based thereon has been issued that the action can be said to have been commenced or the cause pending, and until this is done, the court has no jurisdiction. *Swartz v. Drinker, supra; Missouri Pacific R. Co. v. McLendon, supra; Frank v. Frank, supra.*

The affidavit for warning order must show that the plaintiff has made diligent inquiry and that it is his information and belief that the defendant is a nonresident. It must strictly comply with the statute. *Holloway v. Holloway,* 85 Ark. 431, 108 S.W. 837; *Waggoner v. Fogleman,* 53 Ark. 181, 13 S.W. 729; *Turnage v. Fisk, Executor,* 22 Ark. 286; *Allen & Hill, Admrs. v. Smith,* 25 Ark. 495. The supreme court affirmed the trial court's order setting aside the appointment of a receiver and entry of an oil and gas lease because the affidavit for warning order against the defendant/appellee failed to comply strictly with statutory requirements.

This standard of requiring strict compliance has been followed by the supreme court in a number of Arkansas cases where constructive service was obtained. *See Gilbreath v. Union Bank,* 309 Ark. 360, 830 S.W.2d 854 (1992)(affirming trial court's order setting aside a quiet-title decree where appellant did not state in the affidavit for warning order that defendant's whereabouts were unknown); *Smith v. Edwards,* 279 Ark. 79, 648 S.W.2d 482 (1983)(affirming trial court's dismissal of cross-complaint where appellant failed to conduct a diligent search before obtaining constructive service upon appellee by warning order); *Pierce v. Pierce,* 259 Ark. 312, 532 S.W.2d 747 (1976) (affirming trial court's vacation of divorce decree where appellant failed to strictly com-

ply with the requirements of constructive service). Significantly, in *Gilbreath*, the supreme court stated:

> Where no diligent inquiry is made under rule 4(f)(1), we have affirmed dismissal of a complaint for improper service of process. See Horne v. Savers Federal Savings & Loan Ass'n, 295 Ark. 182, 747 S.W.2d 580 (1988); Smith v. Edwards, 279 Ark. 79, 648 S.W.2d 482 (1983). *It is obvious in the case before us that the requisite inquiry was not made because the appellant did not conclude in his affidavit that the location of Catherine Morgan was unknown.* Accordingly, we hold that the appellant's affidavit for a warning order is facially defective under Rule 4(f)(1).

*Gilbreath v. Union Bank, supra.* (emphasis added). In the case before us, the affiant likewise did not state that Morgan's whereabouts were unknown.

This court has followed the rationale and decisions of the supreme court where we have addressed the adequacy of constructive service. In *Black v. Merritt*, 37 Ark. App. 5, 822 S.W.2d 853 (1992), this court reversed the trial court's denial of motions to set aside default judgments where the defect complained of was that appellee's attorney, rather than the clerk, issued the warning order, and stated:

> It is a well-settled rule that constructive service is a departure from the common law, and statutes providing for such service are mandatory and must be complied with exactly. This rule applies equally to the service requirements imposed by rules of the court. Proceedings conducted where the attempted service was invalid render judgments arising under them void. *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978); *Davis v. Schimmell [Schimmel]*, 252 Ark. 1201, 482 S.W.2d 785 (1972).
>
> Here, the appellees' attempts to obtain service by publication did not comply with the provisions of either section of Rule 4. Both sections require that the warning order be issued by the clerk. Here, although the warning orders were published, they were not issued by the clerk of the court as required by the rule but by appellees' attorney. The supreme court has held that compliance with provisions such as this is an essential prerequisite to the publication of warning orders. Absent such compliance,

no jurisdiction can be acquired over the defendants and all proceedings as to them are void. *Beidler v. Beidler*, 71 Ark. 318, 74 S.W. 13 (1903).

• • • •

Nor do we find merit in appellees' argument that even though service might have been improper, appellant was required to show meritorious defenses in support of her motions under Ark. R. Civ. P. 60 d). It is well settled that in cases where a judgment is void for lack of jurisdiction, no proof of a meritorious defense is required under that rule. *Cole v. First National Bank*, 304 Ark. 26, 800 S.W.2d 412 (1990); *Wilburn v. Keenan Companies, Inc.*, supra.

*See also Self v. Self,* 46 Ark. App. 250, 878 S.W.2d 436 (1994).

In this case, the affidavit for warning order was signed by the plaintiff-realtor. In it he asserts that from an "investigation" of the matter "the last known address for appellant is his post office box." At the hearing, the realtor testified only that he made a phone call to the post office to see if appellant left a forwarding address. However, appellee made no further attempt to locate appellant and made no attempt to personally serve him using the post office address. Instead, apparently because he believed appellant had left the area following the sale of his home, he simply filed the affidavit and obtained and ran the warning order. An attorney ad litem was appointed and did subsequently send the complaint and warning order to the appellant's post office box as required, but the certified letter was returned, marked "unclaimed."[1]

One phone call clearly does not constitute diligent inquiry unless the term diligent is simply verbiage. Here, the appellee did not make such an inquiry, did not attest that he did so in his affidavit, and did not attest that Morgan's whereabouts were unknown. *See Gilbreath, supra.* The majority has opined that any further attempts to locate the appellant would have been futile in this instance. However, appellee did not try to locate him, and it

---

[1] Although not an issue in this appeal, I note that Ark. R. Civ. P. 4(d)(8)(A), provides that a summons, complaint, and notice shall be mailed to the defendant by first-class, regular mail where delivery of certified mailed process is "refused," but Rule 4 fails to address perfecting service where the mailed process is "unclaimed."

remains to be seen whether he could have done so, as appellant had sold his home by retaining a vendor's lien, was receiving monthly payments from the purchasers, and testified that he was gone for only two months and that he still had friends in the area. The majority has incorrectly placed upon appellant the burden of demonstrating that he could have been located, when the proper analysis should be whether the rule allowing for constructive service was strictly complied with in this instance. It clearly was not, and I would reverse and dismiss.

GRIFFEN and NEAL JJ., join.