

# ARKANSAS COURT OF APPEALS

No. CV–17–82

| | |
|---|---|
| LYNN ROBERTS AND VICKI STEEN<br>APPELLANTS | **Opinion Delivered:** July 19, 2017 |
| V. | APPEAL FROM THE STONE<br>COUNTY CIRCUIT COURT<br>[NO. 69CV-14-76] |
| RITA RIEGE AND THE RITA MAY<br>RIEGE REVOCABLE TRUST<br>APPELLEES | HONORABLE TIM WEAVER,<br>JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## PER CURIAM

Lynn Roberts and Vicki Steen appeal from the October 25, 2016 order entered by the Circuit Court of Stone County, in a lawsuit that included Rita Riege's claims for adverse possession and boundary by acquiescence. Ms. Riege, now appellee, has filed a motion to dismiss the appeal for lack of a final order. She asserts that although the circuit court denominated the order a "final order and judgment," it was not final for purposes of appeal under Ark. R. App. P.–Civ(2)(a)(1) and long-standing case law. We agree, and we grant the motion to dismiss without prejudice.

An appeal may be taken from a "final judgment or decree entered by the circuit court" or from an order that in effect "determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." Ark. R. App. P.–Civ. 2(a)(1), 2(a)(2) (2016). Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay"—which we do not have—an order that fails to adjudicate all of the parties'

SLIP OPINION

claims cannot be appealed. Ark. R. Civ. P. 54(b) (2016).

In order to be appealable, an order must be of such a nature as to not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. *Petrus v. Nature Conservancy*, 330 Ark. 722, 725, 957 S.W.2d 688, 689 (1997). The "Final Order" decree in *Petrus* purportedly dismissed the Petruses' claims and found that the Arkansas Natural Heritage Commission (ANHC) had prevailed on its adverse-possession claim. *Id.* Although the decree included relevant findings, it did not identify the property awarded to ANHC or the portions excepted and reserved to the Petruses:

> While the chancellor and the parties apparently intended to resolve the boundary lines via a future survey, the permanent record in a boundary-line decision should describe the line with sufficient specificity that it may be identified solely by reference to the order. Otherwise, leaving those lines to be established by a future survey may likely result in additional disputes, litigation, and appeals. Again, the case law that requires a chancery decree to fix and describe the boundary lines in a dispute between landowners discourages piecemeal litigation.

330 Ark. 722, 726, 957 S.W.2d 688, 689–90. Because the decree lacked finality, the appeal was premature and was dismissed without prejudice.

We have followed *Petrus* in dismissing appeals where property is not adequately described and the record does not contain sufficient evidence to permit the trial court to set forth the specific description of the property without further proceedings. *See, e.g.*, *Keating v. Mason*, 2013 Ark. App. 477, at 2. Where property descriptions are deficient but the order references existing surveys, and where nothing remains to be done, the case can be decided on the merits and remanded for the inclusion of a more specific legal description in the order.

SLIP OPINION

*See, e.g.*, *Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *Boyster v. Shoemake*, 101 Ark. App. 148, 272 S.W.3d 139 (2008); *Adams v. Atkins*, 97 Ark. App. 328, 249 S.W.3d 166 (2007); *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997).

Here, as in *Petrus*, further action was contemplated by the parties. The circuit court's order included the following paragraphs:

> 11. That the jury did also return a verdict in favor of the Rita May Riege Revocable Trust's property, Count II Adverse Possession claim, meaning that from henceforth, the Rita May Riege Revocable Trust is hereby ordered the owner of any and lands located on the left side of the Raccoon Lane, from a point in which the curve of the road begins, approximately 20 yards before the completion of the road's 90 degree turn, to be more fully described in a survey to completed by Defendant.
>
> 12. That the jury did also return a verdict in favor of the Rita May Riege Revocable Trust's property, Count III Boundary by Acquiescence claim, meaning that from henceforth, the Rita May Riege Revocable Trust is hereby ordered the owner of any and all lands located on the left side of the Raccoon Lane, from a point in which the curve of the road begins, approximately 20 yards before the completion of the road's 90 degree turn, to be more fully described in a survey to be completed by Defendant.
>
> 13. That as to the jury's findings in paragraphs 11 and 12 of this Order, Intervenor, the Rita May Riege Revocable Trust is hereby given 45 days to obtain a survey of the lands which have been found to be Intervenor's by way of adverse possession and boundary by acquiescence. Should more time be needed, the Court should be notified and further time given.

Appellants have responded to the motion to dismiss their appeal of this order. They deny an allegation in the motion that the survey had not been completed, but they state in the affirmative that Ms. Riege's counsel very well may not have received notice that the survey had been completed at the time the motion was filed. They request that, should we determine that the circuit court should enter an additional order containing or referencing the survey prior to final disposition of their appeal, they be granted leave for entry of an

appropriate order and to supplement the record.  Attached to their response is Exhibit A, an email from their counsel to Ms. Riege's counsel—with the survey attached.  Also attached to the response is Exhibit B, Ms. Riege's motion for extension of time to complete any necessary supplemental abstract and addendum.

We note that the survey attached to the response is not a part of the record before us and was not before the circuit court at the time it entered the order now being appealed.  Thus, there is no survey or other evidence in the record to establish without further proceedings the exact location of the awarded "lands located on the left side of the Raccoon Lane, from a point in which the curve of the road begins, approximately 20 yards before the completion of the road's 90 degree turn, to be more fully described in a survey to be completed by Defendant."  Accordingly, we grant appellee's motion to dismiss appeal for lack of a final order, and we dismiss the appeal without prejudice.

Dismissed without prejudice.