RAYMOND R. ABRAMSON, Judge
Lynn Roberts and Vicki Steen[1] appeal from the Stone County Circuit Court's final *401 judgment entered after a jury found in favor of Rita Riege and the Rita May Riege Revocable Trust (the Trust). On appeal, Roberts argues that (1) the circuit court erred by entering a default judgment against him on Riege's counterclaims; (2) there was insufficient evidence to support the jury's damages award; and (3) there was insufficient evidence to support the Trust's adverse-possession and boundary-by-acquiescence claims. We affirm.
This case involves a property dispute between Roberts and Riege over a narrow strip of land in Stone County. Specifically, Roberts owns property adjacent to the Trust's property. Riege is the trustee and lives on the Trust's property. A private road, Raccoon Lane, runs on Roberts's property. The strip of land is located between Raccoon Lane and the Trust's property.
On November 5, 2014, Roberts filed a complaint against Riege alleging that he owns the strip of land along Raccoon Lane and that beginning in July 2006, Riege had repeatedly and unlawfully entered the land and used Raccoon Lane to access her home. He asserted a claim for the loss of the quiet enjoyment and exclusive use of his property. In the alternative, he asked the court to restrain Riege from trespassing on his property. On November 12, 2014, Roberts amended his complaint to assert claims for trespass and battery, as well as civil liability pursuant to Arkansas Code Annotated section 16-118-107 (Repl. 2016) for second-degree battery.
On December 4, 2014, Riege answered and asserted eight counterclaims against Roberts: two claims for civil liability pursuant to Arkansas Code Annotated section 16-118-107 for aggravated assault with a deadly weapon; civil liability under Arkansas Code Annotated section 16-118-107 for second-degree battery; two claims for civil assault; civil battery; intrusion on seclusion; and outrage.
Also on December 4, 2014, the Trust moved to intervene alleging that the Trust owned the strip of land bordering Raccoon Lane and that Roberts had trespassed on the Trust's property. In the alternative, the Trust filed a petition for quiet title of the strip of land based on adverse possession and boundary by acquiescence and a prescriptive easement to Raccoon Lane.
On January 22, 2015, Roberts replied to Riege's counterclaims. On February 2, 2015, Riege moved to strike Roberts's answer and for a default judgment on her counterclaims for failure to file a timely answer. On February 3, 2015, Roberts filed a motion for enlargement of time to respond to Riege's counterclaims. He conceded that he filed a belated reply to Riege's counterclaims but asserted that the belated reply was "attributable to the mistake, inadvertence, and excusable neglect" of his attorney. Specifically, he stated that his attorney had prepared a reply to Riege's counterclaims on or around December 14, 2014, but that the reply had not been filed with the circuit clerk. He further asserted that an enlargement of time would not prejudice Riege because the parties had not engaged in discovery, Riege's counterclaims were substantially similar to Roberts's claims, and she could not have been surprised by his reply.
On April 27, 2015, the circuit court entered an order granting Riege's motion to strike Roberts's answer and for a default judgment and denying Roberts's motion for enlargement of time. The court ordered that a jury shall determine Riege's damages. The court also granted the Trust's motion to intervene.
*402 On September 22, 2016, the court held a jury trial on Roberts's claims, Riege's damages for her counterclaims, and the Trust's claims. The jury awarded Riege $2,000 for past and future mental anguish; $2,000 in punitive damages for her intrusion-on-seclusion claim; $5,000 for past and future mental anguish; and $10,000 in punitive damages for her outrage claim.[2] The jury awarded the Trust $5,000 in actual damages and $10,000 in punitive damages for its trespass claim, and the jury also found in favor of the Trust on its adverse-possession and boundary-by-acquiescence claims. The jury found against Roberts on his trespass and battery claims.[3] The circuit court entered a final order and judgment on October 25, 2016, and an amended final order and judgment on October 24, 2017. Roberts appealed the judgment to this court.[4]
On appeal, Roberts first argues that the circuit court erred in granting Riege's motion for a default judgment because Riege's counterclaims failed to state sufficient facts upon which relief can be granted. However, Roberts did not make this argument to the circuit court in his motion for enlargement of time. Rather, he argued that the court should not enter a default judgment because his untimely answer was attributable to the mistake, inadvertence, and excusable neglect of his attorney and because Riege was not prejudiced. It is well settled that we will not consider an issue raised for the first time on appeal. Morgan v. Century 21 Perry Real Estate , 78 Ark. App. 180, 79 S.W.3d 878 (2002). In Morgan , this court held that appellant's claim of fraud in obtaining service of process could not be considered on appeal because he failed to allege the argument as a basis for his motion to set aside a default judgment. Id. Accordingly, in this case, because Roberts did not allege his failure-to-state-a-claim argument to the circuit court, it is not preserved for our review.
Roberts next argues that the jury's actual, mental-anguish, and punitive damages awards for Riege's intrusion-on-seclusion and outrage claims[5] and for the Trust's trespass claim were not supported by the evidence. However, Roberts is procedurally barred from challenging the sufficiency of the evidence of both Riege's and the Trust's damages because he failed to move for a directed verdict at the jury trial. Arkansas Rule of Civil Procedure 50(e) requires that "in a jury trial, a party who does not have the burden of proof on a claim or defense must move for a directed verdict based on insufficient evidence at *403 the conclusion of all the evidence to preserve a challenge to the sufficiency of the evidence for appellate review." This court has held that an appellant is procedurally barred from challenging the sufficiency of a punitive-damages award when it failed to move for a directed verdict and permitted the jury to be instructed on punitive damages without objection. Superior Fed. Bank v. Mackey , 84 Ark. App. 1, 129 S.W.3d 324 (2003) ; see also Bronakowski v. Lindhurst , 2009 Ark. App. 513, 324 S.W.3d 719 (holding that the appellant waived a sufficiency argument as to punitive damages when he failed to renew his directed-verdict motion at the close of evidence).
Here, Roberts did not move for a directed verdict at trial and did not object to the jury instructions, which instructed the jury that it could award Riege and the Trust those damages on their claims of intrusion on seclusion, outrage, and trespass. Accordingly, his failure to preserve the issue precludes us from considering his sufficiency argument on appeal.
Roberts lastly argues that there was insufficient evidence to support the Trust's adverse-possession and boundary-by-acquiescence claims. Again, Roberts did not move for a directed verdict on those claims and did not object to the jury instructions on those claims. Thus, he is precluded from challenging those claims on appeal. See Ark. R. Civ. P. 50(e).
Affirmed.
Gruber, C.J., and Gladwin, J., agree.

For clarity purposes, we will hereinafter refer to Roberts and Steen jointly as "Roberts." Vicki Steen was added as a party at trial by consent of the parties when it was determined that her name is on the deed of Roberts's property.

The jury did not award Riege damages on her remaining six claims.

The circuit court granted Riege's directed-verdict motion on Roberts's claim pursuant to Arkansas Code Annotated section 16-118-107 at trial. Further, at the conclusion of trial, the parties stipulated to Riege's prescriptive easement.

Roberts initially appealed the October 25, 2016 judgment to this court. On July 19, 2017, we dismissed the case without prejudice for lack of a final order on a motion to dismiss filed by Riege. See Roberts v. Riege , 2017 Ark. App. 408, 526 S.W.3d 60. Having considered the court's amended final order and judgment, we find that we now have jurisdiction over the appeal.

We reiterate that the circuit court entered a default judgment against Roberts on Riege's intrusion-on-seclusion and outrage claims. In Arkansas, a default judgment establishes liability but not the extent of damages. Volunteer Transp., Inc. v. House , 357 Ark. 95, 162 S.W.3d 456 (2004). A hearing is required to establish damages, and the plaintiff must introduce evidence to support damages. Entertainer, Inc. v. Duffy , 2012 Ark. 202, 407 S.W.3d 514. However, a defaulting party is precluded from defending on the issue of liability. Jones v. McGraw , 374 Ark. 483, 288 S.W.3d 623 (2008).